UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------
IN RE:                                          )
                                                )
ANTHONY E. DECROSTA,                            )    CASE NO.        10-22086 (ASD)
                                                )
            DEBTOR.                             )    CHAPTER         7
----------------------------------------------------
FREEMAN SARGENT,                                )
                                                )
            PLAINTIFF,                          )
                                                )
v.                                              )    ADV. PRO. NO.   10-02188
                                                )
ANTHONY E. DECROSTA,                            )
                                                )    RE: ECF Nos. 1 & 23
            DEFENDANT.                          )
----------------------------------------------------

# MEMORANDUM OF DECISION
# ON COMPLAINT TO DENY DISCHARGE

On June 18, 2010, Anthony E. DeCrosta (hereinafter, the "Defendant") commenced the captioned bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code, and on October 13, 2010, Freeman Sargent (hereinafter, the "Plaintiff") commenced the captioned Adversary Proceeding (hereinafter, the "Adversary Proceeding") by his filing of a "complaint"[1] (hereinafter, the "Original Complaint") describing therein the "Nature of Suit" to be an "Objection/revocation of discharge - 727(c)(d)(e)."[2] On February 7, 2011, pursuant to Section 105(d) of the Bankruptcy Code,

---

[1] The original "complaint" consisted of an Adversary Proceeding Cover Sheet, Form B104, accompanied by a three-page letter addressed to the Court that alleged sundry facts and concluded, "[c]onsidering the discrepancies listed in [the Debtor's] Chapter 7 Bankruptcy Petition, [the Plaintiff] believes the facts should be investigated by somebody trained to investigate these types of discrepancies to insure that no fraud is committed on this court." ECF No. 1.

[2] Notwithstanding the reference to (d) and (e), as the Debtor has yet to receive his discharge, a revocation of discharge is not implicated here.

this Court entered an *Order Scheduling Status Conference and Hearing*, ECF No. 17, setting a hearing and status conference (collectively hereafter, the "Status Conference") for March 9, 2011, to *inter alia*, "set a procedure and timeline to resolve this Proceeding." At the Status Conference, the Court noted that the Original Complaint was imprecise, vague, confusing and ambiguous in significant and material respects, did not comply with the pleading requisites of Fed. R. Civ. P. 8,[3] supplemented and applicable to this proceeding by Fed. R. Bankr. P. 7008, was not structured in accordance with Fed. R. Civ. P. 10,[4] applicable to this proceeding by Fed. R. Bankr. P. 7010, did not adequately apprise the Defendant of the statutory basis for the claims for relief, did not afford the Defendant an opportunity to prepare an answer or reasonable response, see Fed. R. Civ. P. 12(e), applicable to this proceeding by Fed. R. Bankr. P. 7012(b), and that there was otherwise ample cause for conditioning the continued prosecution of this Adversary Proceeding on compliance by the Plaintiff with certain conditions. In accordance with the above, the Court

---

[3] Fed. R. Civ. P. 8 provides, in pertinent part:
"(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

[4] Fed. R. Civ. P. 10 provides, in pertinent part:
"FORM OF PLEADINGS
(a) CAPTION; NAMES OF PARTIES. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; . . .
(b) PARAGRAPHS; SEPARATE STATEMENTS. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."

entered an *Order Requiring More Definite Statement in Form of Amended Complaint, and Establishing Date for Filing of an Answer* (hereinafter, the "Order"), ECF No. 21, requiring, *inter alia*:

> that on or before April 8, 2011, the Plaintiff shall file with the Court and serve on the Debtor-Defendant an Amended Complaint, and
> * * * *
> that the Amended Complaint shall be (i) structured in accordance with Fed. R. Civ. P. 10, (ii) captioned in accordance with Fed. R. Bankr. P. 7010, (iii) contain separate Counts, numbered sequentially, with each Count set forth in "simple, concise and direct" language, see Fed. R. Civ. P. 8(d)(1), with each Count referencing the specific statutory basis for the relief requested therein, and containing a short and plain statement of the factual basis for the relief requested, and a demand for the relief sought, see Fed. R. Civ. P. 8(a)(1)-(3), and (iv) where alleging fraud, state with particularity the circumstances constituting fraud, see Fed. R. Civ. P. 9(b), applicable by Fed. R. Bankr. P. 7009 . . . .

The Order also provided notice to the Plaintiff as follows:

> . . . **NOTICE IS HEREBY GIVEN** to the Plaintiff that in the event the Plaintiff fails to timely file an Amended Complaint in full compliance with this Order, the Court without further notice may strike the Complaint, dismiss Adversary Proceeding No. 10-2188, or issue any other appropriate order. See Fed. R. Civ. P. 7012(e) . . . .

On April 4, 2011, the Plaintiff filed a letter addressed to the undersigned judge captioned "RE: AMMENED(sic) COMPLAINT", ECF No. 23, with ten multi-page exhibits attached thereto, (hereinafter, the "Amended Complaint")[5] seeking, *inter alia*, and by way

---

[5] The Defendant, on May 11, 2011, timely filed an Answer to the Amended Complaint denying and providing specific responses to the allegations in the Amended Complaint. For example, to the Plaintiff's assertion that the Defendant is attempting to discharge a debt for child support that because of age has already been "forgiven" by operation of law, *see* Amended Complaint, ¶ 5, the Defendant responds, "This represents an arrearage. Child support has been paid within the last four years. It is not forgiven. It is not dischargeable. Attorney Duell and I are managing this matter in a way that is mutually acceptable."

The Court also notes that in the Answer, the Defendant requests the Court dismiss the Amended Complaint, asserting that the Plaintiff lacks standing to bring the action, Answer ¶ I, and strike the Amended Complaint for "its failure to state any cause of action." *Id*. ¶ II. However, prior to 5:47 PM on

3

of relief:

    b)[6]    The Plaintiff be fined $20,000 for fraud,
    c)    The Plaintiff be imprisoned for fraud,
    d)(1)    The Plaintiff be fined $20,000 for perjury,
    d)(2)    The Plaintiff be imprisoned for thirteen months for perjury,
    d)    The Court deny the Chapter 7 case "in its entirety,"
    e)    That a copy of any ruling of this Court pertaining to this case be forwarded (including the Plaintiff's Social Security Number) to:
        1. The Internal Revenue Service,
        2. The Connecticut Department of Revenue Services,
        3. The Connecticut Bar Association, and
        4. The Connecticut Bar Examining Committee.

Further allegations were made in documents filed by the Plaintiff in letters addressed to the undersigned judge filed May 24, 2011, ECF No. 30, and August 26, 2011 (this second letter being captioned "RE: Additional Ammendments (sic) to Complaint") (hereinafter, the "Supplement to the Amended Complaint"). ECF No. 31. The Supplement to the Amended Complaint, *inter alia*, added additional factual allegations to the Amended Complaint, and sought identical relief, *except* the Plaintiff increased his original request for the Defendant's incarceration from thirteen months to two consecutive periods of thirty-six months, and increased his request for imposition of fines for fraud and perjury from $20,000 to $60,000.

A hearing on the Amended Complaint[7] was held on January 30, 2012 (hereinafter, the "Hearing"), at which the Plaintiff *appeared pro se,* and the Defendant appeared with

---

the day (business day) before the Hearing, no such motions were filed.

    [6]Paragraphs herein are labeled consistent with paragraph designations in the Amended Complaint.

    [7]The phrase "Amended Complaint" *as used hereinafter* refers to the Amended Complaint, the Supplement to the Amended Complaint, and the related letter, ECF Nos. 23, 30 & 31, collectively.

counsel. At the outset of the Hearing, the Court determined that to the extent the Plaintiff sought criminal fines or imprisonment, the Court lacked jurisdiction to grant such relief, and in accordance with that determination, orally denied those "counts" in the Amended Complaint seeking such relief. The Court also denied the Plaintiff's request that the Court send copies of its rulings to entities designated by the Plaintiff, such as the Connecticut Bar Examining Committee, noting that all orders and rulings of the Court in this case were public documents and would be transmitted to parties in interest and other entities in accordance with established rules, or as otherwise determined appropriate by the Court.

Finally, as to the single remaining "count" or request for relief in the Amended Complaint – denial of discharge pursuant to Bankruptcy Code section 727 – the Plaintiff failed to offer evidence, testimonial or documentary, except for his request to admit the Amended Complaint[8] and all documents attached thereto into evidence as full exhibits to which the Defendant's objection was sustained.[9] In light of this complete failure of proof, the Court denied and overruled the objection to discharge. In addition, as a basis for dismissing the Amended Complaint in its entirety, the Court noted that the Amended Complaint was as imprecise, vague, confusing and ambiguous as the Original Complaint, and, found total non-compliance with the Order,[10]

---

[8] The Amended Complaint, consists of pleadings, and is not evidence.

[9] The Defendant's objection to the Plaintiff's request that the Court admit in full all of the numerous documents attached to the Amended Complaint was sustained as the Plaintiff failed to assert, much less establish, any foundation for the admission into evidence of those documents as full exhibits.

[10] The Court retained jurisdiction to enter this Memorandum of Decision further explaining its decision, including consideration of and reference to law and argument in the Motion to Dismiss filed by the Defendant at 5:47 PM on the day (business day) before the Hearing. *Motion to Dismiss Adversary Proceeding*, ECF No. 36. To the extent the Motion to Dismiss requests dismissal of this Adversary

Requisites for pleading sufficiency are relatively straightforward and established:

The Supreme Court has clarified the standard in evaluating pleading sufficiency under Rule 8. See generally *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also *Iqbal*, 129 S.Ct. at 1949-50 (providing guidance regarding the application of *Twombly*). In order to rise to the level of plausibility required by *Twombly* and *Iqbal*, the complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level," *Twombly*, 550 U.S. at 555-56. Accord *Campo*, 635 F.Supp.2d 323, 328 (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Iqbal*, 129 S.Ct. at 1949). The factual allegations must plausibly suggest that the defendant is liable for the conduct alleged. *See Twombly*, 550 U.S. at 557. "Plausibility [] depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *In re Old CarCo LLC*, No. 11 Civ. 5039 DLC, 2011 U.S. Dist.

---

Proceeding the Court declines to discuss and/or determine certain issues raised therein, as the Plaintiff, having only received the Motion at the beginning of the Hearing, did not have a reasonable opportunity to review or address the issues raised therein, and the Motion is now moot by the independent determinations made in this Memorandum of Decision. To the extent the Motion to Dismiss seeks, pursuant to Fed. R. Bankr. P. 9011, sanctions against the Plaintiff, the motion is denied for failure to comply with Rule 9011(c)(1)(A). Notwithstanding this denial, the Court reminds the Plaintiff of the undersigned judge's rather polite suggestion at the Hearing that he be careful to have and articulate a legal and factual basis when filing pleadings in the future, and directs the Plaintiff's attention to Rule 9011(b)(1-4) which provides, *inter alia,*

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, –
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

and to Rule 9011(c) providing for sanctions under appropriate circumstances related thereto.

> LEXIS 134539 (S.D.N.Y. Nov. 22, 2011) [*14] (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).
>
> Although "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). A court should dismiss a complaint that merely contains "'naked assertion[s]' devoid of 'further factual enhancement.'" See *Iqbal,* 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 557). Overall, the motion to dismiss standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" when analyzing a plaintiff's complaint. *See id.*

*O'Toole v. Karnani (In re Trinsum Group, Inc.)*, 2011 Bankr. Lexis 4854 (November 29, 2011).

In summary, the Plaintiff's requests for fines and/or imprisonment are beyond the authority of this Court. The request that the Court send copies of its rulings to entities chosen by the Plaintiff is frivolous. The singular remaining "cause of action" – denial of discharge – in significant part is implausible, in other parts speculative, was and remains so confusing, ambiguous, and with regard to its allegation of fraud, so imprecise, as to defy intelligent analysis. In light of the Order's fair warning and notice of fatal deficiencies in the Original Complaint, the Plaintiff's failure to address these deficiencies in an amended complaint as required by the Order, and failure to introduce any evidence, documentary or testimonial at the Hearing, the relief requested in the Amended Complaint is denied and overruled, and this Adversary Proceeding shall be dismissed.

## CONCLUSION

For the reasons stated on the record of January 30, 2012, as supplemented herein, all of the Plaintiff's requests for relief in the Amended Complaint, as amended and supplemented, are **DENIED** and **OVERRULED**. The instant Adversary Proceeding shall be dismissed. This Memorandum of Decision shall constitute this Court's Findings of Fact

7

and Conclusions of law pursuant to Fed. R. Bankr. P. 7052.

A Judgment against the Plaintiff and in favor of the Defendant shall enter simultaneously herewith.

Dated: February 1, 2012                                       BY THE COURT

                                                              Albert S. Dabrowski
                                                              United States Bankruptcy Judge